IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LESLIE KHORENIAN, | Case No. 2:23-cv-205-HL |
| Plaintiff, | ORDER |
| v. | |
| LOANDEPOT.COM, LLC, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Andrew Hallman issued Findings and Recommendation in this case on March 13, 2026. ECF 40. Judge Hallman recommended that this Court grant Defendant's Motion for Summary Judgment with respect to Plaintiff's claim under the Oregon Elderly Persons and Persons with Disabilities Abuse Prevention Act ("EPPDAPA") but deny the Motion with Respect to Plaintiff's claims under the Equal Credit Opportunity Act ("ECOA"), the Oregon Unlawful Trade Practices Act ("UTPA"), and the Oregon Mortgage Lender Law ("OMLL"). Both sides filed timely objections. ECF 43 (Defendant's Objections); ECF46 (Plaintiff's Objections). For the reasons explained below, the Court adopts Judge Hallman's Findings and Recommendation.

PAGE 1 – ORDER

**STANDARDS**

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

**PLAINTIFF'S OBJECTIONS**

Plaintiff timely filed an objection to Judge Hallman's recommendation that the Court grant Defendant's Motion for Summary Judgment on Plaintiff's EPPDAPA claim, ECF 46. The EPPDAPA allows elderly and vulnerable people to bring claims against parties who have financially abused them. *See* Or. Rev. Stat. ("ORS") 124.100 et seq. To state a claim under EPPDAPA, a plaintiff must establish "(1) a taking or appropriation (2) of money or property

PAGE 2 – ORDER

(3) that belongs to an elderly or incapacitated person, and (4) the taking must be wrongful."

*Church v. Woods*, 190 Or. App. 112, 117 (2003). Judge Hallman concluded that Plaintiff failed

to show a genuine issue for trial on the second and fourth elements.

## A.  Property

There are two categories of property that Plaintiff alleges were wrongfully taken from

her: (1) an appraisal deposit fee and a credit report fee, together worth $518.05, and (2) an

asserted intangible property interest in the refinance contract that she sought from Defendant.

Judge Hallman found that the latter did not qualify as property under EPPDAPA, explaining that

the relevant caselaw did not create a property interest in contracts or agreements that were not

yet finalized. ECF 40 at 16-17. In her objection, Plaintiff cites the same authority on which Judge

Hallman relied in his analysis, primarily *Neel v. Lee*, 316 Or. App. 159 (2021), for the

proposition that courts should take a broader view of property for the purposes of the EPPDAPA.

ECF 46 at 8-11. Additionally, she cites *Langley v. Prudential Mortg. Capital Co., LLC*, 546 F.3d

365, 366-69 (6th Cir. 2008), in support of the notion that "a mortgage rate lock agreement may

constitute a valid agreement distinct from the final loan contract" and thus plausibly within the

scope of the EPPDAPA. ECF 46 at 10.

The Court agrees with Judge Hallman. Although *Neel* establishes "a contract expectancy

as property no less than any other tangible or intangible property," 316 Or. App. at 170, that

expectancy must be more concrete than the conditional approval here that Defendant extended to

Plaintiff. The plaintiff in *Neel* offered evidence suggesting a finalized agreement. *Id*. at 169-70.

No such suggestion exists here. Moreover, noncontrolling case law, like *Langley*, does not

suffice to create a genuine issue of material fact as to whether an expectancy existed. At best, it

reflects a disputed issue of law as to what constitutes an expectancy—an issue the Court can

PAGE 3 – ORDER

resolve at this stage. Oregon precedent does not show that a mere contract expectancy exists without any sort of finalized agreement creating an enforceable right.

## B.  Wrongfulness

Plaintiff also objects to Judge Hallman's finding that Defendant's statements to her were not wrongful because they did not rise to the level of deceit or misrepresentation. ECF 40 at 17-19. Plaintiff makes several arguments in support of her objection, most importantly that the transaction between the parties had reached an advanced stage and that Defendant had continued to reassure her that her application would be successful. ECF 46 at 5. Additionally, she argues that "wrongfulness" under the EPPDAPA encompasses conduct that is "injurious, unjust, or unfair," broadening the scope of the definition well beyond deceit and misrepresentation. *Id*. at 6 (quoting *Adelsperger v. Elkside Development LLC*, 373 Or. 621, 650-51 (2025)).

The EPPDAPA covers wrongful behavior beyond what is deceitful or a misrepresentation. Judge Hallman, however, considered the alleged wrongful conduct that Plaintiff described in her Response to Defendant's Motion for Summary Judgment. *See* ECF 34 at 11-12 (Plaintiff accepting Defendant's assertion that a taking is independently wrongful when it is conducted via deceit and misrepresentation and arguing that Plaintiff relied on Defendant's representation that she would qualify for the loan she sought). "[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act." *Greenhow v. Sec. of Health & Human Servs.*, 863 F.2d 633, 638 (9th Cir. 1988), *overruled in part on other grounds*, *United States v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992). Thus, the Court does not consider Plaintiff's new arguments but reviews *de novo* whether Defendant's conduct rose to the level of deceit or misrepresentation.

PAGE 4 – ORDER

The Court agrees with Judge Hallman's finding that Defendant's conduct did not constitute deceit for the purposes of the EPPDAPA because there was no apparent intent to deceive Plaintiff. *Riley Hill Gen. Contractor, Inc. v. Tandy Corp.*, 303 Or. 390, 406 (1987) ("The unique element in the tort of deceit is the intent to deceive.") (quotations omitted); *see also Gibson v. Bankofier*, 275 Or. App. 257, 270-71 (2015) (importing principles of Oregon tort law to interpret the meaning of the term "wrongful" under the EPPDAPA). In short, Plaintiff fails to create a genuine issue for trial on the mental state required for her EPPDAPA claim based on deceit or misrepresentation.

### DEFENDANT'S OBJECTIONS

Defendant also timely filed an objection to Judge Hallman's recommendation that the Court deny its Motion for Summary Judgment on Plaintiff's ECOA, UTPA, and OMLL claims, ECF 43. Plaintiff timely responded, and the Court has reviewed *de novo* those portions of Judge Hallman's Findings and Recommendation to which Defendant has objected, as well as Defendant's objections and Plaintiff's response. As discussed below, the Court agrees with Judge Hallman's recommendation regarding these claims.

### A. ECOA Claim

Regarding Plaintiff's ECOA claim, Defendant argues that Judge Hallman "created a new, more stringent summary judgment standard from whole cloth" that was unsupported by law. ECF 43 at 4. That is not what Judge Hallman did. The key question on the claim was when Plaintiff's loan application was complete. The relevant law gives Defendant latitude to establish its own application process, including determining what information it may require for credit applications. Judge Hallman found that Defendant had not supplied enough evidence to show what application process Defendant had in fact established. The Court agrees.

PAGE 5 – ORDER

The application regulation, 12 C.F.R. § 1002.2(f), defines a completed application as "an application with which a creditor has received all the information that the creditor *regularly obtains and considers* in evaluating applications for the amount and type of credit requested." (emphasis added). Defendant's Motion for Summary Judgment, its objections to Judge Hallman's recommendation, and the factual record all fail to answer the question as to what Defendant *regularly* obtains and considers in a loan application like the application at issue. Thus, the Court cannot determine whether Plaintiff supplied all information that Defendant regularly obtains and considers in these situations.

Defendant points to evidence that shows some confusion with respect to whether Plaintiff's property had one or two units, as well as evidence that showed communication between Plaintiff and Defendant about the need for an appraisal to resolve that confusion. ECF 43 at 2-3. Defendant also cites its own declaration stating that it considered the loan application complete, and expert testimony about how most loan officers would handle the situation. *Id*. at 3. The Court can make inferences from this evidence that Defendant normally required an appraisal for situations like Plaintiff's. That appears to be what Defendant asks the Court to do. But on summary judgment, all reasonable inferences must be made in favor of the non-moving party, here, Plaintiff. Thus, the Court will not fill in the gaps with assumptions and inferences favorable to Defendant at this stage of the lawsuit.

## B.  UTPA Claim

Regarding Plaintiff's UTPA claim, Defendant argues that Plaintiff acknowledged that Defendant never promised her that she would qualify for a loan regardless of the outcome of the appraisal of her home and that any conclusion that it made any misrepresentations about Plaintiff's home is erroneous, at least in part because of the logical inference that Plaintiff knew more about her own home than Defendant. ECF 43 at 5-7. Thus, Defendant contends, it did not

make any willfully unlawful representations about Plaintiff's loan application. Defendant's objections are without merit.

Defendant's assertion about what it promised to Plaintiff is based on a portion of Plaintiff's testimony that does not support its argument. That testimony reads as follows:

> Q. Did anyone at Loandepot tell you that you qualified for and were approved for the loan, regardless of how the appraisal came back?
>
> A. Not regardless, but that was – we were only waiting for the appraisal to make sure the value was there.

ECF 31-1 at 58:10-15. Plaintiff's answer is unclear. Although she begins her response by indicating that the loan was not promised regardless of the outcome of the appraisal, she then equivocates and concludes her answer by suggesting her understanding that the results of the appraisal would affect not the success of her application but the value of the property (and, in turn, the size of the loan). Moreover, this answer conflicts with Plaintiff's own allegations, supported by sworn declaration, that Defendant represented to her on the phone that it "would find her a loan that worked for her, that her income was sufficient to obtain the refinance loan she applied for, and that it would verify her information, and that her loan was ready to close." ECF 34 at 15-16. It may ultimately be that a jury would find Defendant's version of events more likely, but how to interpret Plaintiff's deposition, what weight to give her testimony, and what weight to give her declaration, are matters reserved for the fact finder at trial, not a court at summary judgment.

## C.  OMLL Claim

Regarding Plaintiff's OMLL claim, Defendant makes three separate arguments. First, it argues that it did not violate the ECOA, and thus did not violate the OMLL, incorporating the

reasoning from its ECOA objections above. ECF 43 at 8. For the same reasons that the Court adopts Judge Hallman's recommendation on the ECOA claim, it rejects this argument.

Second, Defendant objects to Judge Hallman's finding that an issue of fact exists as to whether the classification of Plaintiff's property was a knowingly false statement or omission on the part of Defendant in violation of the OMLL. *Id*. at 8-9. Defendant argues that it was Plaintiff who originally misrepresented the nature of her property as having two units and that Defendant relied on those representations in its honest efforts to help Plaintiff get a loan. *Id*. But ORS 86A.151(1)(b) creates a burden shifting framework that requires Defendant, after Plaintiff establishes that Defendant made an untrue statement of material fact, to show that they did not know, or in the exercise of reasonable care could not have known, that the statement was untrue. It is undisputed that Defendant told Plaintiff that her debt-to-income ratio would not be a problem in obtaining a loan, that other lenders had mischaracterized her property, and that Plaintiff would be able to reap the benefits of a two-unit property. It is also undisputed that this statement was untrue. Defendant has provided no evidence to show that it did not know, or exercising reasonable care could not have known, that the statement was untrue. Thus, there remains a genuine issue of material fact on this issue.

Third, Defendant objects to Judge Hallman's finding that there remains a genuine issue of material fact with respect to ORS 86A.154, which prohibits fraud, deceit, and filing false documents in connection with a mortgage business. *Id*. at 9-10. In discussing that provision, Judge Hallman explained that "[n]either Party discusses the substance and standards of ORS § 86A.154 beyond citing the language of the statute," concluding that he was "reluctant to recommend granting summary judgment on issues of law not fully raised or developed in the Parties' briefing." ECF 40 at 26. Defendant treats this caution dismissively, arguing that "the

PAGE 8 – ORDER

notion that [Defendant] tried to willfully defraud [Plaintiff] is absurd," and that Judge Hallman "penalized [Defendant] for not rehashing the exact same evidence for a fourth time in this section of the Motion." ECF 43 at 9. But the recommendation to preserve for trial those questions not fully developed is not absurd. It is prudent. Moreover, the requirement that parties connect the facts and their legal arguments to specific claims is not a redundant "rehashing." It is the bare minimum. *See* FED. R. CIV. P. 56(a) ("A party may move for summary judgment, *identifying each claim or defense—or the part of each claim or defense—on* which summary judgment is sought") (emphasis added). Here, despite bearing the burden of showing that it was entitled to judgment as a matter of law, Defendant did not meaningfully address Plaintiff's allegation that it violated ORS 86A.154. Instead, Defendant essentially suggests that Judge Hallman should have assumed their argument. He was right not to do so. Such an assumption would be inappropriate at any stage of litigation—much more so at summary judgment, where inferences are by law to be made in favor of the non-moving party. Put a different way, Defendant was not penalized for failing to rehash the facts. It was penalized for failing to carry its burden.

## CONCLUSION

The Court ADOPTS Judge Hallman's Findings and Recommendation, ECF 40. Defendant's Motion for Summary Judgment, ECF 29, is DENIED with respect to Plaintiff's ECOA, UTPA, and OMLL claims. Defendant's Motion for Summary Judgment is GRANTED on Plaintiff's EPPDAPA claim.

**IT IS SO ORDERED.**

DATED this 22nd day of May, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 9 – ORDER