**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PENDLETON DIVISION**

| | |
|---|---|
| **LESLIE KHORENIAN,**<br><br>Plaintiff,<br><br>v.<br><br>**LOANDEPOT.COM, LLC.**, a Delaware Limited Liability Corporation,<br><br>Defendant. | Case No.: 2:23-CV-00205-SI<br><br>**PROPOSED NEUTRAL STATEMENT OF THE CASE** |

The parties submit the following Proposed Joint Neutral Statement of Case. Where agreement could not be reached, the parties have enclosed each side's preferred word in brackets.

This case arises from Leslie Khorenian's application to loanDepot.com, LLC, for a mortgage refinance loan in early 2022. Ms. Khorenian is the plaintiff, and loanDepot is the defendant.

Ms. Khorenian was trying to refinance an existing loan secured by her property near Prineville, Oregon, and to pay other debt. Her sources of income at the time were

Social Security disability benefits, retirement income, and rent she received from a tenant who lived in a [bunkhouse (Plaintiff)/second dwelling unit (Defendant)] on her property. Ms. Khorenian had been turned down by [(another (Plaintiff)/other (Defendant)] lender[s]. In [January (Plaintiff)/February (Defendant)] 2022, Ms. Khorenian contacted loanDepot to apply for a loan [but loanDepot did not follow up with her (Plaintiff)]. [In February, (Plaintiff)] She spoke with a loan officer at loanDepot named Raana Hasnat [who called Ms. Khorenian to solicit her business (Plaintiff)]. Ms. Hasnat took information from Ms. Khorenian over the telephone regarding her income, debts, and property information, including the rental income she receives from the additional dwelling unit on her property. Ms. Khorenian [renewed (Plaintiff)/ submitted (Defendant] [her (Plaintiff)/a (Defendant)] loan application with loanDepot on February 11, 2022. The loan application stated that the property had 2 units.

The parties agree that LoanDepot conditionally approved Ms. Khorenian for a $150,000 cash-out refinance loan at a locked interest rate of 3.5 percent in February 2022. She paid an appraisal deposit and a credit-report fee. LoanDepot extended the rate lock three times while her application was being processed. An appraisal inspection occurred on May 3, 2022.. On May [16 (Plaintiff)/18 (Defendant), LoanDepot [sent written notice (Plaintiff)/informed (Defendant)] Ms. Khorenian that her application had been denied.

Ms. Khorenian claims that LoanDepot failed to give her timely notice of its action on her loan application, as required by the federal Equal Credit Opportunity Act. She also claims that LoanDepot made false or misleading statements about her ability to qualify

for a loan, the availability of credit, and its mortgage services, in violation of Oregon's Unlawful Trade Practices Act and the Oregon Mortgage Lender Law. She contends that LoanDepot had the information needed to identify the qualification issues much earlier but continued to assure her that the loan would proceed, while market interest rates increased, making it impossible for her to refinance at a rate she could qualify for and afford.

LoanDepot denies violating these laws or making actionable false or misleading statements. It contends that it attempted in good faith to help Ms. Khorenian obtain a loan, that she did not meet the applicable loan qualifications, and that it timely notified her of the denial once her application was completed [by an appraisal, and it was finally determined that she could not be approved (Defendant]. LoanDepot also relies on its written agreements and disclosures, including statements concerning the absence of a commitment to lend, [and Ms. Khorenian's statement on her loan application that the property contained two units (Defendant)].

Ms. Khorenian seeks compensation for financial losses and emotional distress that she attributes to LoanDepot's conduct, including fees she paid, additional borrowing expenses, and a lost opportunity to refinance at a lower interest rate. [She asks for an award of punitive damages against loanDepot (Plaintiff)].

LoanDepot disputes her entitlement to damages[. (Plaintiff would end sentence there)][ and contends that any losses were not caused by LoanDepot, and that any recovery should be reduced or eliminated to the extent Ms. Khorenian's actions were the cause of or contributed to her own damages (Defendant)].

You will hear the evidence and decide the factual issues submitted to you under the law the Court provides. This summary describes the parties' positions; it is not evidence and does not suggest how any issue should be decided.

Dated this 21st day of October, 2026.

*/s/ Chris Mertens*

Chris Mertens, OSB No. 092230
MERTENS LAW, LLC
1235 SE Morrison St., Fl. 1
Portland, OR 97214
Tel: 503-836-7673
Fax: 503-206-0115
Chris@MertensCSBLaw.com

Hope Del Carlo, OSB No. 002410
ELEMENTAL LAW LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-789-7372
Fax: 503-345-6655
hope@elemental.law

Of Attorneys for Plaintiff
Leslie Khorenian

SOKOL, LARKIN, WAGNER & STORTI LLC

By: */s/ Thomas A. Larkin*

Thomas A. Larkin, OSB #923623
tlarkin@sokol-larkin.com
Tyler J. Storti, OSB #034695
tstorti@sokol-larkin.com
*Attorneys for Defendant loanDepot.com, LLC*

HINSHAW & CULBERTSON LLP

By: */s/ Brendan Herbert*

Brendan Herbert, Esq, Florida Bar No. 76925 – Admitted Pro Hac Vice
bherbert@hinshawlaw.com

Jonathan Blackmore, Florida Bar No. 67902 – Admitted Pro Hac Vice
jblackmore@hinshawlaw.com
*Attorneys for Defendant loanDepot.com, LLC - Admitted Pro Hac Vice*